ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JOSÉ A. LOZADA TORRES<br><br>Recurrido<br><br>v.<br><br>RADIADORES BEATRIZ, INC.<br><br>Recurrente | TA2026RA00221 | *Revisión Administrativa* procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm. CAG-2024-0006538<br><br>Sobre: Talleres de Mecánicas de Automóviles |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 5 de junio de 2026.

Comparece Radiadores Beatriz, Inc., por conducto del señor Ángel M. Santiago López (señor Santiago López o recurrente) y nos solicita la revocación de la determinación administrativa, notificada por el Departamento de Asuntos del Consumidor (DACo), en la que se declaró ha lugar la querella promovida por el señor José A. Lozada Torres (señor Lozada Torres o recurrido) en su contra. Lo antes, fue objeto de una solicitud de reconsideración, la cual fue denegada por la agencia recurrida el 17 de abril de 2026.

Por los fundamentos que exponemos a continuación, se confirma el dictamen recurrido.

## I.

De un examen del expediente provisto por el recurrente, se desprende que, el señor Lozada Torres instó una querella contra Radiadores Beatriz, Inc. sobre presunta insatisfacción con los servicios mecánicos al sistema de aire condicionado de su automóvil. Se colige de los documentos presentados que, el DACo adjudicó la querella a favor del señor Lozada Torres y en reacción,

el recurrente presentó una moción de reconsideración ante la agencia recurrida.

En su solicitud expuso que, las comunicaciones previamente remitidas fueron enviadas a una dirección incorrecta, por lo que, suplicó la reconsideración de la determinación administrativa adjudicada en su contra. En atención a lo antes, el DACo emitió y notificó una *Resolución* en la que declaró no ha lugar el referido petitorio.

Insatisfecho, el recurrente acude ante nos, por derecho propio. En su escrito resalta que su dirección es HC-71, Box 7145, Cayey, Puerto Rico 00736. Con posterioridad acredita una *Moción informativa* con su versión de los hechos junto evidencia documental.

Transcurrido el término sin que la parte recurrida haya comparecido o acreditado cumplimiento de nuestra *Resolución* emitida el 30 de abril de 2026, procedemos según advertido a resolver la causa ante nos.

**II.**

**A. La Revisión Judicial y la Doctrina de la Deferencia Judicial**

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas finales pueden ser revisadas por el Tribunal de Apelaciones, una vez la parte adversamente afectada haya agotado todos los remedios disponibles. *Tricoche Matos y otra v. Luis Freire Div. of K.M.A. Associates of PR, Inc.*, 2025 TSPR 92, resuelto el 1 de octubre de 2025. Ahora bien, en el ejercicio de tal facultad, el foro apelativo está obligado a ser deferente a las determinaciones de los organismos administrativos, en consideración a la experiencia y al conocimiento especializado que estas poseen sobre los asuntos que le fueron delegados. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, resuelto el 27 de marzo de 2025. Al mismo tiempo, esta facultad revisora delimita la discreción de los organismos

administrativos, a modo de asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros*, 2025 TSPR 56, resuelto el 21 de mayo de 2025.[1] Por último, permite a los foros judiciales velar porque los entes administrativos den cumplimiento a los mandatos constitucionales, en especial, al debido proceso de ley. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743 (2024).

Como se sabe, las agencias administrativas son -en muchas ocasiones- los primeros intérpretes de las leyes que rigen el ejercicio de su ministerio. *Buxó Santiago v. Oficina de Ética Gubernamental,* 2024 TSPR 130, resuelto el 10 de diciembre de 2024. Ahora bien, son los tribunales los que gozan de facultad para interpretar las leyes y la Constitución. *Íd.* Por consiguiente, ante una interpretación de la agencia que produzca resultados incompatibles o contrarios a su política pública o a su propósito interpretado, la deferencia cede ante la interpretación administrativa. *Íd.* Entiéndase que, los foros judiciales no tienen que ser deferentes ante la interpretación de derecho que realice un organismo administrativo, sencillamente porque la legislación es ambigua. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* supra. Por tanto, al revisar una actuación de una agencia administrativa, el criterio rector es la razonabilidad. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. De manera que, procede la revisión judicial cuando el organismo administrativo haya actuado de forma arbitraria, ilegal, irrazonable o que haya abusado de su discreción. *Íd.*

A tono con lo anterior, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, y su jurisprudencia interpretativa limitan la revisión judicial a tres (3) aspectos: (1) si es apropiado el remedio concedido; (2) si las determinaciones de hechos están basadas en evidencia

---

[1] Véase, además, *Jusino Rodríguez v. Junta de Retiro del Gobierno de Puerto Rico,* 2024 TSPR 138, resuelto el 26 de diciembre de 2024.

sustancial; (3) si las conclusiones de derecho fueron correctas. *Freyre Martínez v. Consejo de Titulares y/o Junta de Directores del Condominio Sol y Playa,* 2026 TSPR 20, resuelto el 5 de marzo de 2026. De conformidad, a tenor de la Sección 3.14 de la LPAU, 3 LPRA sec. 9654, el dictamen final del ente administrativo sujeto a revisión judicial ha de contener la advertencia sobre el derecho a solicitar reconsideración o revisión judicial, adicional a las determinaciones de hechos y a las conclusiones de derecho. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra.

A tono con lo anterior, la citada Sección 4.5 de la LPAU, *supra,* dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". Lo antes, en consideración a la facultad inherente que poseen los foros judiciales de interpretar la ley. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* supra.[2] De manera que, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36 (2018).

Por lo tanto, si al examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99 (2023).

---

[2] En *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* supra, el Alto Foro acogió lo resuelto en *Loper Bright Enterprises v. Raimondo,* 603 US 369, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024), en donde el Tribunal Supremo Federal pautó el fin de conceder deferencia absoluta a las apreciaciones de derecho de los organismos administrativos. De conformidad, el Alto Foro concluyó que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales."

**III.**

En esencia, el recurrente sostiene que la agencia incidió al no reconsiderar el dictamen recurrido por falta de notificación a su dirección correcta. Explica que recibió la carta del DACo a través de un familiar porque "el buzón" que la agencia utilizó como dirección conocida, no le corresponde.

Hemos examinado el boleto de notificación que provee el recurrente en su expediente y observamos que la agencia incluyó tres direcciones alternas y certificó el envío a las siguientes personas y citamos:

> -Radiadores Beatriz, Inc.
> HC 04 Box 46813
> Caguas, Puerto Rico 00725
>
> -Radiadores Beatriz, Inc.
> HC 71 Box 7145
> Cayey, Puerto Rico 00736
>
> -José A. Lozada Torres
> HC 04 Box 46994
> Caguas, Puerto Rico 00727

Al examinar lo antes, resulta evidente que la agencia incluyó direcciones alternas para notificar a Radiadores Beatriz, Inc., como la parte querellada en este caso. Si bien es cierto que de la primera alternativa surge una dirección correspondiente a Radiadores Beatriz, Inc., ubicada en el Municipio de Caguas, la segunda coincide con la dirección de Radiadores Beatriz, Inc., y/o Ángel M. Santiago López en representación de Radiadores Beatriz, Inc., informada por el recurrente, la cual es HC 71, Box 7145, Cayey, Puerto Rico 00736. Añádase a ello que, el expediente está huérfano de información fehaciente o copias de las alegadas comunicaciones previas dirigidas a un presunto buzón equivocado.

Ante ello, colegimos que, el recurrente no nos ha puesto en posición para revertir el dictamen administrativo impugnado. De nuestra evaluación de la totalidad del expediente presentado por el recurrente nos lleva a concluir que, la determinación de la agencia de no reconsiderar su dictamen por presunta notificación defectuosa se sostiene y resulta razonable. De esta forma no se

reúnen los criterios normativos para sustituir el criterio ejercido por la agencia recurrida en la revisión administrativa solicitada.

**IV.**

Por todo lo antes, se confirma el dictamen administrativo recurrido.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones